# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 06-0076-SWH-01 |
| | ) | |
| KEVIN M. RELEFORD, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

**A.     Order for Detention**

　　　　After conducting a detention hearing pursuant to **18 U.S.C. § 3142(f) of the Bail Reform Act,** the Court orders the above-named defendant detained pursuant to **18 U.S.C. § 3142(e) and (i).**

**B.     Statement of Reasons for the Detention**

　　　　The Court orders the defendant's detention because it finds:

　　　　　　By a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the defendant as required.

　　**X**　　By clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person and the community.

**C.     Findings of Fact**

　　　　The Court's findings are based on the evidence which was presented in Court and that which was contained in the Pretrial Services Report, and includes the following:

　　**X**　　(1) Nature and circumstances of the offense charged:
　　　　**X**　　(a) The crime: *Possession of a firearm in furtherance of a drug offense: Conspiracy to distribute cocaine.*
　　　　　　　Penalties: *Not less than 7 years imprisonment, not more than a $250,000 fine, and not more than 3 years supervised release.*
　　　　　　(b)　The offense is a crime of violence.
　　　　　　(c)　The offense involves a narcotic drug.
　　　　　　(d)　The offense involves a large amount of controlled substances, to

1

*Releford, Kevin M.*

|   |     |     | wit*:* |
|---|-----|-----|--------|
|   | (2) |     | The weight of the evidence against the defendant is high. |
| **X** | (3) |     | The history and characteristics of the defendant including: |
|   |     | **X** (a) | General Factors: |

           The defendant appears to have a mental condition which may affect whether the defendant will appear.
           The defendant has no family ties in the area.
         **X**  The defendant has no steady employment.
         **X**  The defendant has no substantial financial resources.
           The defendant is not a long-time resident of the community.
         **X**  The defendant does not have any significant community ties.
         **X**  Past conduct of the defendant: *The defendant has one prior arrest for burglary and he has two outstanding bench warrants for simple assault and possession of marijuana. He also has a non-moving violation warrant.*
         **X**  The defendant has a history of drug abuse.
           The defendant has a history of alcohol abuse.
           The defendant has a significant prior criminal record.
           The defendant has a prior record of failure to appear in court proceedings.

      (b)  Whether the defendant was on probation, parole, or release by a court:
           At the time of the current arrest, the defendant was on:
               Probation
               Parole
               Release pending trial, sentence, appeal or completion of sentence.

      (c)  Other Factors:
           The defendant is an illegal alien and is subject to deportation.
           The defendant is a legal alien and will be subject to deportation.
           Other:

**X**  (4)  The nature and seriousness of the danger by the defendant's release are as follows: *The defendant is charged with a serious offense, which involves him robbing an undercover detective by pointing a handgun at her. He then attempted to elude law enforcement, causing a traffic accident in which the victim's car rolled and slid twenty yards with the driver still inside. The defendant then attempted to flee by running from the scene of the accident. The defendant has a history of using/abusing marijuana.*

2

*Releford, Kevin M.*

       (5)    Rebuttable Presumptions

In determining that the defendant should be detained, the Court also relied on the following rebuttable presumptions(s) contained in **18 U.S.C. § 3142(e)** which the Court finds the defendant has not rebutted:

    a.    That no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of any other person and the community because the Court finds that the crime involves:

        (A)    A crime of violence; or
        (B)    An offense for which the maximum penalty is life imprisonment or death; or
        (C)    A controlled substance violation which has a maximum penalty of 10 years or more or;
        (D)    A felony after the defendant had been convicted of two or more prior offenses described in (A) through (C) above <u>and</u> the defendant has a prior conviction for one of the crimes mentioned in (A) through (C) above which is less than five years old and which was committed while the defendant was on pretrial release;

and the Court finds that
    **18 U.S.C. § 3142(e)(1)**, or
    **18 U.S.C. § 3142(e)(2)**, or
    **18 U.S.C. § 3142(e)(3)** applies.

    b.    That no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because the Court finds that there is probable cause to believe:

        (A)    That the defendant has committed a controlled substance violation which has a maximum penalty of 10 years or more.
        (B)    That the defendant has committed an offense under **18 U.S.C. § 924(c) or § 956(a)**.

The Court, in finding that there are no conditions or combination of conditions which reasonably will assure the defendant's appearance and the safety of any other person and the community, has considered and rejected alternatives. Among the alternatives considered, the Court has rejected house arrest and a daily reporting scheme. In rejecting these alternatives, the Court notes the gravity of the offense and the substantial penalties which may possibly be imposed.

**D.**    **Additional Directives**

3

*Releford, Kevin M.*

    Pursuant to **18 U.S.C. § 3142(i)(2)-(4)**, the Court directs that:
        The defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; and
        The defendant be afforded reasonable opportunity for private consultation with his counsel; and
        That, upon an order of a court of the United States, or upon request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to the United States Marshal for the purpose of an appearance in connection with court proceedings.

    **IT IS SO ORDERED.**

                                              */s/ Sarah W. Hays*
                                              SARAH W. HAYS
                                  UNITED STATES MAGISTRATE JUDGE